IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JONNIE BYRD,<br>    Plaintiff | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 5:17-CV-00209 |
| | § | |
| LIBERTY INSURANCE CORPORATION<br>AND LEVI QUIROZ,<br>    Defendants | §<br>§<br>§<br>§ | |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §§ 1332 and 1441(a) (DIVERSITY)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Insurance Corporation ("Liberty"), hereby petition this Court pursuant to 28 U.S.C. §§ 1332 and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Southern District of Texas, Laredo Division, of the action styled *Jonnie Byrd v. Liberty Insurance Corporation and Levi Quiroz*, Cause No. 2017-CVH-001694-D4, currently pending in the 406th Judicial District Court of Webb County, Texas (the "State Court case") and in support thereof would respectfully show this Court as follows:

**I.**
**FACTS**

1.    Plaintiff filed suit in the State Court Case on August 11, 2017, as the result of disputes regarding a claim made under his homeowners' insurance policy. Plaintiff alleges that Liberty breached its contract of insurance with Plaintiff by refusing to "perform its obligations under the terms of the Policy and pursuant to Texas law." Plaintiff's Original Petition (the "Petition") at ¶ 27. Plaintiff also alleges that Liberty violated provisions of the Texas Insurance Code through its "conduct, acts, and/or omissions" that constituted Unfair Settlement Practice, breached the duty of good faith and fair dealing, and failed to promptly pay Plaintiff's claim.

Petition at pp. 7-9.  Plaintiff seeks economic damages, including but not limited to, actual damages, mental anguish, 18% per annum penalty, treble damages, attorney's fees, costs of court, prejudgment interest and post-judgment interest.  Liberty denies Plaintiff's claims and denies that Plaintiff is entitled to these benefits or damages.

2. Defendant Liberty was served with Plaintiff's Original Petition and citation on September 12, 2017.  Liberty filed its Original Answer on October 6, 2017.  Defendant Levi Quiroz was served on September 14, 2017. A true and correct copy of all pleadings, process, orders, and correspondence served in this action is attached hereto as Exhibit "A" and incorporated herein by reference.

3. Plaintiff pled in its Original Petition that it is seeking damages over $100,000.00 but not more than $200,000.00. Petition at ¶ 5.

4. Complete diversity exists between the Plaintiff and Defendant Liberty now and so existed on the date of filing of the State Court case. Plaintiff is a citizen and resident of the State of Texas. Liberty Insurance Corporation is an insurance company incorporated in the State of Illinois with its home office and principal place of business at Boston, Massachusetts.

5. Defendant Quiroz, a Texas resident, has been improperly joined to defeat diversity of citizenship jurisdiction.

6. Plaintiff has made a jury demand in the State Court case.

7. This action is a civil action which may be removed to this Court by Defendant Liberty pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

## II.
## DEFENDANT QUIROZ IS IMPROPERLY JOINED TO DEFEAT DIVERSITY

8. The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant or whether there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004). Whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id*. (emphasis added). "General, undocumented and non-specific statements" in the plaintiff's petition are insufficient to state claims for violations of the Insurance Code, the DTPA, common law fraud, and misrepresentation under Texas law. *Id* at 702. "The Fifth Circuit has bluntly rejected the contention that a merely theoretical possibility of recovery will suffice to preclude removal. . . . [I]t has held that, when plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted." *Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 837 (N.D. Tex. 2003) (citing *Great Plains*, 313 F.3d at 329; *Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 391-92 (5th Cir. 2000).

9. Plaintiff has not plead any factual allegations regarding Defendant Quiroz that form the basis of any cause of action against him individually. Plaintiff does not allege any independent conduct by Quiroz. Plaintiff has alleged only that the claim was assigned to Quiroz and Quiroz did not accurately estimate the value of Plaintiff's claim, which resulted in the underpayment of the claim. Petition at ¶ 5. Plaintiff then asserts that the underpayment of his

claim demonstrated that Quiroz did not conduct a thorough investigation of the claim. Plaintiff goes on to allege that Defendant Quiroz knowingly and intentionally overlooked damages at the Property, without any factual basis for such conclusory statements. Plaintiff altogether fails to carry his burden to assert fact-specific allegations against Defendant Quiroz but instead states legal conclusions couched as factual allegations.

10. It is well-settled Texas law that in order to find a reasonable possibility that a Texas court would allow recovery against an adjuster, the plaintiff must demonstrate that the employee, as an individual, committed the violation that caused the harm. *Ford v. Prop. & Cas. Ins. Co. of Hartford*, 2009 WL 34106907, at *4-6 (S.D. Tex. 2001); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 2009 WL 1437837 (N.D. Tex. 2009). Plaintiff has failed to do so.

11. Plaintiff does not identify any actual false, misleading or deceptive acts by Quiroz. Simply put, Plaintiff has filed suit against Quiroz for the same reason that Plaintiff filed suit against Liberty: he is unhappy with the amount Liberty paid to settle his claim. The mere fact that he disputes Quiroz's findings is not evidence of improper investigation or adjustment by Quiroz. This is not sufficient to establish a reasonable probability of recovery against Quiroz. *One Way Investments, Inc. v. Century Surety Co.,* No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (holding that representations that wind and hail damage was far less extensive than it actually was and that damage was caused by factors that did not trigger coverage under the policy were not statements that are within the scope of §541.060 because they do not relate to the "coverage at issue."); *Green v. Nationwide Mut. Ins. Co.,* 2014 WL 6991277 at *5 (W.D. Tex. Dec. 11, 2014) (finding improper joinder of adjuster defendant based on allegation that adjuster "failed and refused . . . to pay underinsured motorist benefits under the applicable policy" and that adjuster "wholly failed to make a reasonable and fair offer on [the

insured's] claim."). Texas law does not contemplate that adjusters like Quiroz will be held individually liable for the insurance carrier's decision on a claim. *See Aguilar v. State Farm Lloyds*, 2015 WL 5714654 at *3 (N.D. Tex. Sept. 28, 2015) (holding that "the adjuster must have committed some act prohibited by the [Insurance Code], not just be connected to an insurance company's denial of coverage…[a]nd, post loss statements regarding coverage are not misrepresentations under the Insurance Code."); *Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516 (Tex. App.–Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims).

12. Thus, there is no reasonable basis for predicting that Texas law will impose liability on Defendant Quiroz or that Plaintiff can establish a cause of action against Defendant Quiroz in state court. Defendant Quiroz has been improperly joined for the sole purpose of defeating diversity jurisdiction in this court.

### III.
### PROCEDURAL REQUIREMENTS

13. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the 406th Judicial District Court of Webb County, Texas promptly after the filing of this Notice.

15. Attached hereto and incorporated herein, are the following items:

Exhibit A: A true and correct copy of all pleadings, process, and orders served in this action.

Exhibit B: State Court docket sheet.

Exhibit C:   List of all counsel of record.

Exhibit D:   Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation requests that this action be removed from the 406th Judicial District Court of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:   (512) 472-7700
Facsimile:   (512) 472-0205

By: */s/ Catherine L. Hanna*
    Catherine L. Hanna
    State Bar No. 08918280
    Email: channa@hannaplaut.com
    Sheila Tan
    State Bar No. 24078047
    Email: stan@hannaplaut.com

**ATTORNEYS FOR DEFENDANT LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been forwarded by facsimile on this the 12th day of October 2017 to:

***Via Facsimile:*** **(713) 621-5900**
William T. Jones
Green & Barton
1201 Shepherd Drive
Houston, Texas 77007
**ATTORNEYS FOR PLAINTIFF**

                                           */s/ Catherine L. Hanna*
                                           Catherine L. Hanna