# EXHIBIT "A"

9/27/2017 5:17
Esther Degolla
District Ci
Webb Dist
Rosa Monto
2017CVH001694

**2017CVH001694D4**

**CITATION**

46842-2

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN
ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER
WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE
MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU
WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY
BE TAKEN AGAINST YOU."

**TO: LEVI QUIROZ**
**P.O. BOX 515097**
**LOS ANGELES, CA 90051-5097**

| BY SERVING THE TEXAS SECRETARY OF STATE |
| P.O. BOX 12079 |
| AUSTIN, TX 78711 |

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE**
**HEREBY COMMANDED TO APPEAR BEFORE THE 406th District Court** of Webb
County, Texas, to be held at the said courthouse of said county in the
city of Laredo, Webb County, Texas, by filing a written answer to the
Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday
next after the expiration of 20 days after the date of service
thereof, a copy of which accompanies this citation, in the Cause #:
2017CVH001694D4 , styled:

**JONNIE BYRD, PLAINTIFF**
**VS.**

**LIBERTY INSURANCE CORPORATION; LEVI QUIROZ, DEFENDANTS**
Said Plaintiff's Petition was filed on 08/11/2017 in said court
by:

**WILLIAM JONES, Jr., ATTORNEY FOR PLAINTIFF**
**1201 SHEPHERD DRIVE**
**HOUSTON TX 77007**

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS,
Issued and given under my hand and seal of said court at office,
on this the 23rd day of August, 2017.

**C L E R K O F C O U R T**

| CALENDAR CALL SET FOR |
| 11/6/2017 AT 2:00 PM |

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____
Maribel Ramirez

2017CVH001694D4

**OFFICER'S RETURN**

Came to hand on the _15t_ day of _September_, 2017 at
_10:05_ O'CLOCK _A_.M.   Executed   at
_P.O. Box 12079_, within the COUNTY of _Travis_
at _955_ O'CLOCK _A_.M. on the _14th_ day of
_September_, 2017, by delivering to the within named **LEVI**
**QUIROZ**, each, ~~in person~~, a true copy of this citation together
with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_✕ SEE ATTACHED_                    _____
                                    SHERIFF, CONSTABLE

                                    _____ COUNTY, TEXAS

                        BY  _____  _✕3036  9.30.19_
                                                ~~DEPUTY~~

**THE STATE OF TEXAS }**
**COUNTY OF WEBB    }**

Before me, the undersigned authority, on this day personally
appeared ~~████████████████████~~ MORSE who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_Levi Quiroz C/o TX SOS_ on the
_14th_ day of _September_, _2017_.

SWORN TO AND SUBSCRIBED BEFORE ME on the _23rd_ day of
_September_, _2017_, to certify which witness my hand and
seal of office.

_____
            ~~NOTARY~~ PUBLIC
        MY COMMISSION EXPIRES

ALMA LIRA
Notary Public, State of Texas
My Commission Expires
May 13, 2019

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X        ☐ Agent<br>         ☐ Addressee<br>B. Received by *(Printed Name)*    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Texas Secretary of State<br>PO Box 12079<br>Austin, TX 78711 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>TX Comptroller Mail<br>SEP 14 2017<br>B 2 - 2 |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 3162 7166 3305 98 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Mail<br>☐ Mail Restricted Delivery<br>(00) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☒ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7017 1450 0001 3583 3297 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053              Domestic Return Receipt

2017CVH001694D4

## CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO: LIBERTY INSURANCE CORPORATION**
**BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 E 7TH STREET, STE 620**
**AUSTIN, TX 78701**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 406th District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH001694D4, styled:

**JONNIE BYRD, PLAINTIFF**
**VS.**
**LIBERTY INSURANCE CORPORATION; LEVI QUIROZ, DEFENDANTS**
Said Plaintiff's Petition was filed on 08/11/2017 in said court by:

**WILLIAM JONES, Jr., ATTORNEY FOR PLAINTIFF**
**1201 SHEPHERD DRIVE**
**HOUSTON TX 77007**

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 23rd day of August, 2017.

## C L E R K   O F   C O U R T

CALENDAR CALL SET FOR
11/6/2017 AT 2:00 PM

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
Maribel Ramirez

Filed
8/11/2017 2:59 PM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2017VCVH001694D4

**CAUSE NO. _____**

| | | |
|---|---|---|
| **JONNIE BYRD** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **WEBB COUNTY, TEXAS** |
| **LIBERTY INSURANCE CORPORATION** | § | |
| **AND LEVI QUIROZ** | § | |
| *Defendants.* | § | **___ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

Jonnie Byrd ("Plaintiff"), complains of Liberty Insurance Corporation and Levi Quiroz (collectively "Defendants") and respectfully shows as follows:

**I.**
### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

**II.**
### PARTIES AND PROCESS SERVICE

2. Plaintiff(s) resides in Webb County, Texas.

3. Defendant Liberty Insurance Corporation ("Liberty Mutual") is an insurance company engaging in the business of insurance in Texas. This defendant may be served with process through its registered agent Corporation Service Company at 211 East 7th Street Suite 620, Austin TX 78701-3218.

4. Defendant Levi Quiroz ("Quiroz") is an individual and an insurance adjuster licensed by the Texas Department of Insurance. This Defendant may be served with process through the Texas

Secretary of State at P.O. Box 12079, Austin, Texas 78711, for further forwarding to P.O. Box 515097, Los Angeles, CA 90051-5097. The Clerk is requested to issue Citations.

### III.
### JURISDICTION

5.  Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00, excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

6.  The court has jurisdiction over Defendant Liberty Mutual because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

7.  The court has jurisdiction over Defendant Quiroz because this Defendant engages in the business of adjusting insurance claims in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

### IV.
### VENUE

8.  Venue is proper in Webb County, Texas, because the insured property giving rise to this cause of action is situated in Webb County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### NOTICE AND CONDITIONS PRECEDENT

9.  Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

10.  All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; and/or Defendants are

otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

11.     Plaintiff is the owner of certain real property with improvement (including Plaintiff's home) located at 3301 Delfina Dr., Laredo TX 78041-2018 (the "Property"). The Property was insured by insurance policy number H37-291-670679-40, issued by Defendant Liberty Mutual (the "Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

12.     On or about 5/21/2017, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy. After the loss, Plaintiff made a claim (claim no. 035643842-01) and demand for payment on Defendant Liberty Mutual for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiff made the Claim, Defendant Liberty Mutual assigned or otherwise retained its employees and/or agents Defendant Quiroz to work on Plaintiff's Claim. All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant Liberty Mutual has refused to pay all amounts due and owing under the Policy for the Claim.

13.     Defendant Quiroz made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendants Quiroz failed to fully quantify Plaintiff's damages, thus demonstrating that this defendant did not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate issued by Defendant Quiroz and relied upon by Defendant Quiroz. The damage estimate failed to include all damages to Plaintiff's Property. The damages Defendant Quiroz included in the estimate were grossly

undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Defendants failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant Quiroz knowingly and intentionally overlooked damages at the Property and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim. Because of Defendant Quiroz's conduct, Plaintiff's claim was underpaid and partially-denied.

14. Defendant Liberty Mutual failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant Liberty Mutual refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Defendant Liberty Mutual's conduct constitutes a breach of the contract between Defendant Liberty Mutual and Plaintiff.

15. All Defendants misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

16. All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Liberty Mutual's liability was reasonably clear. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

17. All Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, All Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire

loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

18.     All Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

19.     All Defendants refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

20.     Defendant Liberty Mutual failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Liberty Mutual's conduct constitutes a violation of TEX.INS.CODE §542.055.

21.     Defendant Liberty Mutual failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant Liberty Mutual's conduct constitutes a violation of TEX.INS.CODE §542.056.

22.     Defendant Liberty Mutual failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Liberty Mutual has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received

full payment for Plaintiff's claim. Defendant Liberty Mutual's conduct constitutes a violation of TEX.INS.CODE §541.058.

23. From and after the time Plaintiff's claim was presented to Defendant Liberty Mutual, the liability of Defendant Liberty Mutual to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant Liberty Mutual has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant Liberty Mutual's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24. All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

25. Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT LIBERTY MUTUAL

26. Defendant Liberty Mutual is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A. Breach of Contract.

27. The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Liberty Mutual. Defendant Liberty Mutual breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant Liberty Mutual's breach proximately caused Plaintiff injuries and damages. All conditions precedent required under

the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

**B.      Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

28.      The conduct, acts, and/or omissions by Defendant Liberty Mutual constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

29.      Defendant Liberty Mutual's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

30.      Defendant Liberty Mutual's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Liberty Mutual's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

31.      Defendant Liberty Mutual's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

32.      Defendant Liberty Mutual's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of

---

rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

33.     Defendant Liberty Mutual's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

34.     Defendant Liberty Mutual's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant Liberty Mutual refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### C.     Prompt Payment Of Claims Violations.

35.     The Claim is a claim under an insurance policy with Defendant Liberty Mutual of which Plaintiff gave Defendant Liberty Mutual proper notice. Defendant Liberty Mutual is liable for the Claim. Defendant Liberty Mutual violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

    a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant Liberty Mutual reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

    b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

    c) Delaying payment of the Claim following Defendant Liberty Mutual's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

36.     Defendant Liberty Mutual's violations of these prompt payment of claims provisions of

---

the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D. Breach Of The Duty Of Good Faith And Fair Dealing.

37.     Defendant Liberty Mutual breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant Liberty Mutual knew or should have known that its liability to Plaintiff was reasonably clear. Defendant Liberty Mutual's conduct proximately caused Plaintiff injuries and damages.

## VIII.
## CAUSES OF ACTION AGAINST
## DEFENDANT QUIROZ

38.     Defendant Quiroz is an insurance adjuster that was assigned or otherwise engaged by Quiroz to adjust the claim.

### A. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

39.     The conduct, acts, and/or omissions by Defendant Quiroz, while adjusting the Claim constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

40.     Defendant Quiroz is individually liable for unfair and deceptive acts, irrespective of the fact this Defendant was acting on behalf of Defendant Quiroz, because Defendant Quiroz is a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the

---

purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

41.     The unfair settlement practices of Defendant Quiroz, as described above, in misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

42.     The unfair settlement practices of Defendant Quiroz, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

43.     The unfair settlement practices of Defendant Quiroz, as described above, in failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

44.     The unfair settlement practices of Defendant Quiroz as described above, in failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

45.     The unfair settlement practices of Defendant Quiroz, as described above, in refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

---

46.     The unfair settlement practices of Defendant Quiroz, as described above, compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.  Defendant Quiroz refused to even offer more than their own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE §542.003(5).

## IX.
## KNOWLEDGE

47.     Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## X.
## DAMAGES

48.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

49.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

50.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages.  TEX.INS.CODE §541.152.

51.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

---

52.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

53.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.
## JURY DEMAND

54.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XII.
## REQUEST FOR DISCLOSURE

55.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## XIII.
## PRAYER

56.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-

judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GREEN & BARTON**

By:    */s/  William. T. Jones, Jr.*
       WILLIAM T. JONES JR.
       State Bar No.: 24032601
       bjones@GBTriallaw.com
       ROBERT D. GREEN
       State Bar No.: 08368025
       green@greentriallaw.com
       DANIEL P. BARTON
       State Bar No.: 00789774
       dbarton@bartonlawgroup.com
       ROY J. ELIZONDO, III
       State Bar No. 24036519
       relizondo@GBTriallaw.com
       1201 Shepherd Drive
       Houston, Texas 77007
       (713) 227-4747- Telephone
       (713) 621-5900- Fax



# Oscar J. Hale, Jr.

### State District Judge

406TH Judicial District Court
1110 Victoria St., Suite 402
Laredo, Texas 78040
406@webbcountytx.gov

**TELEPHONE NO. (956) 523-4954**
**FAX NO. (956) 523-5074**

August 23, 2017

CAUSE NO.:    <u>2017CVH001694D4</u>

STYLE:    <u>JONNIE BYRD</u>

VS

<u>LIBERTY INSURANCE CORPORATION AND LEVI
QUIROZ</u>

Please take NOTICE that this case is set for **CALENDAR CALL** on <u>11/06/2017</u>
at 2:00 PM at the 406th District Court, 4th Floor, Webb County Justice Center.

All Calendar Call hearings will be in open court and on the record before the Honorable Judge
Oscar J. Hale, Jr. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s)
file a Joint Pre-Trial Guideline Order (PTGO) with all counsel signatures on the PTGO.

You may download the PTGO at our website: <u>www.Webbcountytx.gov/DC406th/Forms</u>

Counsel for Plaintiff(s) please note that if you fail to appear your case may be dismissed for lack of
prosecution.

Counsel for Defendant(s) please note that if you fail to appear for calendar call, a pre-trial
guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Cruz Maldonado
Civil Court Coordinator

Filed
10/6/2017 6:25 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2017CVH001694D4

CAUSE NO. 2017-CVH-001694-D4

| | | |
|---|---|---|
| **JONNIE BYRD** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **LIBERTY INSURANCE** | § | |
| **CORPORATION AND LEVI QUIROZ** | § | |
| **Defendants** | § | **406TH JUDICIAL DISTRICT** |

## LIBERTY INSURANCE CORPORATION'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Liberty Insurance Corporation ("Liberty") and files this Original Answer to Plaintiff's Original Petition and for such would respectfully show the Court the following:

**I.**
### GENERAL DENIAL

Defendant hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition and demands that Plaintiff prove the truth of his allegations by a preponderance of the believable evidence.

**II.**
### AFFIRMATIVE DEFENSES

Liberty avers and asserts that Plaintiff has failed to satisfy all conditions precedent to bringing this suit under his homeowners' insurance policy. Specifically, Liberty reserves its right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss and denies any intent to waive this right.

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation respectfully prays that upon final hearing hereof, Plaintiff Jonnie Byrd take nothing by reason of this action, that Liberty Insurance Corporation be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205

By: _____
        Catherine L. Hanna
        State Bar No. 08918280
        Email:  channa@hannaplaut.com
        Attorney-in-Charge
        Sheila S. Tan 2478047
        State Bar No. 2478047
        stan@hannaplaut.com

**ATTORNEYS FOR DEFENDANT LIBERTY
INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this 6th day of October, 2017 to:

*Via Facsimile (713) 621-5900*
William T. Jones
GREEN & BARTON
1201 Shepherd Drive
Houston, Texas 77007
*Attorneys for Plaintiff*

_____
Catherine L. Hanna